## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY J. BERGERON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1304** |
| **N. BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "S"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Jimmy J. Bergeron, is incarcerated in the Louisiana State
Penitentiary in Angola, Louisiana.[2]  Bergeron was indicted on November 27, 2000, by
a Lafourche Parish grand jury for the aggravated rape of his minor daughter.[3]  The
Louisiana First Circuit Court of Appeal summarized the facts of the case as follows:

> The victim, A.B., testified at trial.  Her date of birth was September
> 1, 1987.  She identified the defendant in court as her father.  She indicated
> the following at trial.  When A.B. lived in the same household as her
> mother and father, the defendant started touching her bottom and between
> her legs.  She was approximately eleven and one-half years old when the
> touching began.  Thereafter, the defendant told A.B. that if she wanted to
> go places and do things, she would have to "do things with him."  The
> defendant told A.B. if she did not "do it[,]" or if she ever told, that she
> "couldn't go anywhere and [A.B.'s] mom would hit [A.B.] and she would
> put [A.B.] in the hospital."  In response to the promises and threats, A.B.
> sucked the defendant's penis, and the defendant put his penis in her vagina.
> The defendant put his penis in A.B.'s vagina on over twenty occasions.
> When the defendant ejaculated, "[h]e would get off of [A.B.] and get a
> towel or something to wipe himself."  A.B. was "[a]bout 11 and a half[]"
> the first time the defendant put his penis into her vagina.  The defendant
> also put his penis into A.B.'s "butt."
> In a November 1, 2001 statement, the defendant indicated the
> following.  He had molested his daughter by sticking his penis in her
> vagina.  She was presently thirteen years old, but the first incident occurred
> "about a year, year and a half[]" earlier.  The incidents began with the
> defendant fondling his daughter's vagina with his hand.  The defendant had
> also put his hand inside of his daughter.  The defendant's daughter was
> "eleven, eleven and a half" when the fondling started.  He had put his penis

---

[2]Rec. Doc. No. 3, Petition.

[3]St. Rec. Vol. 1 of 4, Indictment, 11/27/00.

2

> in his daughter about twenty times. He did not "ejaculate" inside of his daughter, but would pull out of her and ejaculate on a towel. He tried to penetrate his daughter anally once, but it hurt her.

(footnote omitted) State Record Volume 4 of 4, First Circuit Opinion, 2001-KA-2400, pp.2-3, May 10, 2002; <u>State v. Bergeron</u>, 826 So.2d 658 (La. App. 1st Cir. 2002) (unpub.) (Table).

Bergeron was tried by a jury on May 15, 16 and 17, 2001, and was found guilty as charged.[4] At a hearing held May 29, 2001, the state trial court denied Bergeron's motions for a new trial and for post-verdict judgment of acquittal.[5] The state trial court sentenced him on June 13, 2001, to serve life in prison without benefit of parole, probation or suspension of sentence.[6] Bergeron's counsel filed a timely motion for appeal on June 15, 2001.[7]

---

[4]St. Rec. Vol. 4 of 4, Trial Minutes (3 pages), 5/15/01; Trial Minutes (3 pages), 5/16/01; Trial Minutes (2 pages), 5/17/01; St. Rec. Vol. 1 of 4, Verdict of the Jury, 5/17/01.

[5]St. Rec. Vol. 4 of 4, Motion Hearing Minutes, 5/29/01; Hearing Transcript, 5/29/01; St. Rec. Vol. 1 of 4, Motion for New Trial, 5/24/01; Motion for Post Verdict Judgment of Acquittal, 5/24/01.

[6]St. Rec. Vol. 4 of 4, Sentencing Minutes, 6/13/01; Sentencing Transcript, 6/13/01.

[7]St. Rec. Vol. 1 of 4, Motion for Appeal, 6/15/01.

3

On appeal, counsel asserted three grounds for relief:[8] (1) The trial court erred in its instruction to the jury regarding reasonable doubt. (2) The trial court erred in denying the defendant's motion to suppress his confession. (3) The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.  Finding no merit to these claims, the Louisiana First Circuit affirmed Bergeron's conviction and sentence on May 10, 2002.[9]

Bergeron's subsequent and timely[10] writ application to the Louisiana Supreme Court was denied without reasons on May 30, 2003.[11]  His conviction became final 90 days later, on August 28, 2003, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality

---

[8]St. Rec. Vol. 4 of 4, Appeal Brief, 2001-KA-2400, p. 2, 11/1/01; 1st Cir. Opinion, 2001-KA-2400, 5/10/02.  Bergeron was granted leave to supplement the appeal but no brief was filed.  St. Rec. Vol. 4 of 4, Motion and Order to Supplement Appeal, 11/29/01; 1st Cir. Order, 2001-KA-2400, 12/4/01.

[9]State v. Bergeron, 826 So.2d 658 (La. App. 1st Cir. 2002) (unpub.) (Table); St. Rec. Vol. 4 of 4, 1st Cir. Opinion, 2001-KA-2400, 5/10/02.

[10]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. The timely U.S. postmark date of June 5, 2002, was within that period.  See St. Rec. Vol. 4 of 4, La. S. Ct. Letter, 2002-KO-1735, 6/25/02.

[11]State v. Bergeron, 845 So.2d 1070 (La. 2003); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2002-KO-1735, 5/30/03.

determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

On November 26, 2003, Bergeron filed an application for post-conviction relief alleging three grounds for relief: (1) The indictment was fatally defective because it failed to identify the victim. (2) The indictment was not returned in open court. (3) Trial counsel was ineffective because he failed to file a motion to quash the defective indictment.[12]  The state trial court denied the application as meritless by order filed on May 13, 2004.[13]  The court held that Louisiana law prohibited disclosure of the minor-victim's identity in the indictment and that the identity was obtainable through discovery pursuant to Louisiana law.  The court also determined that Bergeron was well aware at all times that his daughter was the victim.  The court held further that the indictment was returned in open court on November 27, 2000.  Based on these findings, the court also held that counsel was not ineffective for failing to move to quash an indictment that was not defective.

---

[12]St. Rec. Vol. 4 of 4, Application for Post Conviction Relief, 11/26/03.

[13]St. Rec. Vol. 4 of 4, Order Denying Application for Post Conviction Relief, 5/13/04 (signed by the judge on 5/12/04).

The Louisiana First Circuit Court of Appeal denied Bergeron's subsequent timely[14] writ application on November 17, 2004, reciting the conclusions reached by the trial court.[15]

Bergeron also filed a timely writ application with the Louisiana Supreme Court on December 16, 2004.[16] This application was denied without reasons on November 28, 2005.[17]

## II.   FEDERAL HABEAS PETITION

On May 11, 2006, Bergeron filed a petition for federal habeas corpus, seeking relief on the following grounds:[18] (1) The indictment was fatally defective because it failed to identify the victim. (2) The indictment was not returned in open court. (3) Trial counsel was ineffective because he failed to file a motion to quash the defective indictment.

---

[14]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana First Circuit. La. App. Rule 4-3; La. Code Crim. P. 922. According to the office of the clerk of court for the Louisiana First Circuit, Bergeron's writ application was filed on June 14, 2005 and had been received by mail from Bergeron. The mailing date was not available. Logically, the mailing had to be prior to the date of filing, or on June 13 or before. This is timely for purposes of the AEDPA. Causey v. Cain, 450 F.3d 601 (5th Cir. 2005).

[15]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2004-KW-1363, 11/17/04.

[16]St. Rec. Vol. 4 of 4, La. S. Ct. Letter, 2004-KH-3119, 12/17/04 (showing postmark 12/3/04).

[17]State ex rel. Bergeron v. State, 916 So.2d 137 (La. 2005); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2004-KH-3119, 11/28/05.

[18]Rec. Doc. No. 3.

The State filed an answer in opposition to Bergeron's petition, alleging that the petition was not timely filed.[19]  Bergeron filed a reply to the State's answer in which he argues that his petition is timely and should be granted on the merits.[20]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Bergeron's petition, which, for reasons discussed below, is deemed filed in this federal court on February 23, 2006.[22]

---

[19]Rec. Doc. No. 9.

[20]Rec. Doc. No. 10.

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Bergeron's petition was filed by the clerk of court on May 11, 2006, when the filing fee was paid.  Bergeron dated his signature on the memorandum in support of the petition on February 23, 2006.  This is the earliest date on which he

7

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The record reflects that Bergeron has exhausted all available state court remedies and is not in procedural default on the claims he asserts in his federal petition.  Contrary to the State's suggestion, I also find that Bergeron's petition is timely filed.  The State's timeliness argument in its opposition is based on inaccurate dates and a complete failure to apply federal law in determining finality of the conviction and entitlement to tolling pursuant to the AEDPA.[23]  Thus, the State's statute of limitations defense is wholly without merit and must be rejected in this case.

---

could have delivered the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

[23]Under federal habeas law, Bergeron's conviction became final on August 23, 2003, which was 90 days after the Louisiana Supreme Court denied his writ application after direct appeal. Bergeron allowed only 87 days of the one-year AEDPA limitations period to expire before submitting his application for post-conviction relief to the state trial court on November 24, 2003, which was filed in the state trial court on November 26, 2003. The AEDPA limitations period remained tolled due to his properly filed state court proceedings through the denial of his last writ application before the Louisiana Supreme Court on November 28, 2005. Another 86 days of the AEDPA one-year filing period expired before Bergeron signed and is deemed to have filed his federal petition on February 23, 2006.  Thus, Bergeron allowed only 173 days of the 365-day statute of limitations period to lapse.

However, based on the record before the Court, Bergeron's claims are without merit for the following reasons and must therefore be dismissed.

IV.   STANDARDS OF A MERITS REVIEW

Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S.

9

849 (2000)),  aff'd in part, rev'd in part on  other grounds, 532 U.S. 782 (2001); Hill, 210

F.3d at 485.   The United States Supreme Court has clarified the Section 2254(d)(1)

standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000);  Penry, 532 U.S. at 792-93;

Hill, 210 F.3d at 485.  "'A federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the state-court decision applied [a

Supreme Court case] incorrectly.'"  Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting

Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone,

535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the

only question for a federal habeas court is whether the state court's determination is

objectively unreasonable."   Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert.

denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to

show that the state court applied the precedent to the facts of his case in an objectively

unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25).

V.      <u>DEFECTIVE INDICTMENT (CLAIM NOS. 1 AND 2)</u>

Bergeron alleges that the grand jury indictment was defective in two ways.  First, he claims that the indictment was not returned by the grand jury in open court as required by Louisiana law.  Second, he claims that it was deficient because it failed to indicate the identity of the victim, specifically that she was his daughter, which was an element essential to preparing his defense.  The state trial and appellate courts expressly considered these claims on post-conviction review and rejected them.

With regard to Bergeron's first argument, the state trial court held and the appellate court agreed that the indictment in Bergeron's case was in fact returned in open court on November 27, 2000, according to the minutes of the proceeding.  Because this is a factual finding, this court presumes that it is correct and will give deference to the state court's decision, unless it is shown to be an unreasonable determination of the facts. <u>Hill</u>, 210 F.3d at 485.

The record before this court does not contain a minute entry which would definitively indicate that the return was received in open court.  However, the record does contain a cover sheet to the indictment on which is written the phrase "a true bill aggravated rape."[24]  This notation appears above the signature of the grand jury foreman

_____

[24]St. Rec. Vol. 1 of 4, True Bill, 11/27/00.

and is dated "11/27/00."  This "true bill" was file-stamped on the same day by a deputy clerk of court.

The state court's finding that the indictment was filed in open court, a public forum, is not on its face an unreasonable determination of the facts appearing on the true bill cover sheet.  The state court's finding is presumed correct, leaving no factual basis to support Bergeron's claim.

In connection with Bergeron's second argument, this indictment charged in relevant part that, "Bergeron . . . on a date prior to the victim attaining the age of 12 years old . . . committed aggravated rape upon a child under the age of 12 years . . ."[25]

Both the state trial and appellate courts determined that Louisiana law prohibited disclosure of the minor's identity and that the indictment was sufficient under La. Rev. Stat. Ann. § 46:1844(W)(1)(a).[26]  This statute prohibits "all public officials and officers and public agencies, including but not limited to all law enforcement agencies, sheriffs, district attorneys, judicial officers, clerks of court" in Louisiana from "publicly disclos[ing] the name, address, or identity of crime victims who at the time of the commission of the offense are minors under eighteen years of age or of victims of sex

---

[25]St. Rec. Vol. 1 of 4, Indictment, 11/27/00.

[26]St. Rec. Vol. 4 of 4, Order Denying Application for Post Conviction Relief, 5/13/04; 1st Cir. Order, 2004-KW-1363, 11/17/04.

offenses."  Instead, Louisiana law leaves the disclosure of the victim's identity to the pretrial discovery process pursuant to § 46:1844 (W)(4).

The Louisiana First Circuit provided the last reasoned decision on this issue when it denied Bergeron's writ application reciting the same reasons as the state trial court and because the Louisiana Supreme Court denied the later writ application without reasons. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion).

As to petitioner's argument that the indictment failed to comply with the requirements of Louisiana law regarding identity of the victim, a federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."  Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted). This court's analysis focuses on due process considerations, and due process requires that the court grant the writ only when the errors of the state court make the underlying proceeding fundamentally unfair.  Neyland v. Blackburn, 785 F.2d 1283, 1293 (5th Cir. 1986).  Thus, the court can consider Bergeron's arguments only in the context of federal constitutional law.

13

The United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him so as to enable him to prepare his defense, and affords him protection against double jeopardy. United States v. Debrow, 346 U.S. 374 (1953). The short form indictment[27] used in Bergeron's case and authorized by Louisiana law provided the necessary due process protections. Liner v. Phelps, 731 F.2d 1201 (5th Cir. 1984); Brown v. Cain, 2001 WL 96410 (E.D. La. Feb. 2, 2001). Bergeron was on notice of the statutory provision of which he was accused, the date and venue of the rape, and that the victim was a child under 12 years of age. This was more than adequate information to apprise him of the crime with which he was

---

[27]La. Code Crim. P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice (emphasis added).

   La. Code Civ. P. art. 465 also specifically authorizes the use of a short form indictment in charging certain offenses, including aggravated rape:
A. The following forms of charging offenses may be used, but any other forms authorized by this title may also be used: . . .
   39. Aggravated Rape--A.B. committed aggravated rape upon C.D. . . .
B. The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article  (emphasis added).

14

charged, violation of La. Rev. Stat. Ann. §14:42,[28] and to comply with Louisiana law on the form of indictment.

The details provided in the indictment comply with the test for constitutional sufficiency established by the Supreme Court.  Thus, the holdings by the state trial and appellate courts, upheld by the Louisiana Supreme Court, were not contrary to or an unreasonable application of Supreme Court precedent.

Furthermore, the United States Court of Appeals for the Fifth Circuit has declined to review claims of insufficient indictment forms because "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction . . . [and] this can be determined only by looking to the law of the state where the indictment was issued." Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985) (citation and quotations omitted) (emphasis added); Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969). Resolution of such an issue on federal habeas review is precluded "[w]hen it appears ... that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case. ..."

---

[28]At the time, § 14:42 provided in relevant part that "[A]ggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances: . . . (4) When the victim is under the age of twelve years.  Lack of knowledge of the victim's age shall not be a defense . . ."  This provision was amended by Act 178, La. Session Laws (2006) to raise the age from twelve to thirteen.

Id. (quotation and citation omitted); Murphy, 416 F.2d at 100 ("[J]urisdiction to try an offense includes jurisdiction to determine whether the offense is properly charged.")

Bergeron's claim challenging the sufficiency of the indictment was presented to the Louisiana Supreme Court in his post-conviction writ application.  By denying the application, the Louisiana Supreme Court necessarily acquiesced in the state trial and appellate courts' dismissal of that claim on the basis that the indictment was sufficient under Louisiana state law, specifically La. Rev. Stat. Ann. § 46:1844(W)(1)(a).  See Ylst, 501 U.S. at 802; Alexander, 775 F.2d at 599 ("By refusing to grant appellant relief ... the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.")

The Louisiana Supreme Court has therefore had the opportunity to address Bergeron's challenge to his indictment and has by inference determined that the indictment was proper.  For this reason, federal review of this claim is prohibited in the United States Fifth Circuit.

The decisions of the state courts on these issues were neither contrary to nor an unreasonable application of United States Supreme Court precedent. Accordingly, Bergeron is not entitled to relief on these grounds, and both claims should be dismissed.

VI.    INEFFECTIVE ASSISTANCE OF COUNSEL

Bergeron claims that his counsel was ineffective because he failed to move to quash the indictment based on its failure to identify the victim and because it was not returned in open court.  This claim was denied by the state courts on post-conviction review.  Both the state trial and appellate courts found that counsel was not ineffective for his failure to file a motion to quash an indictment that was not defective, based on the findings discussed above.  The Louisiana First Circuit, following the trial court's conclusions, provided the last reasoned decision on this issue.

The issue of ineffective assistance of counsel is a mixed question of law and fact. Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994).  Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.

In Strickland, the court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

17

In deciding ineffective assistance of counsel claims, the court need not address both prongs of the conjunctive <u>Strickland</u> standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. <u>Kimler</u>, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' It is not enough, however, under <u>Strickland</u> 'that the errors had some conceivable effect on the outcome of the proceeding.'" <u>Motley</u>, 18 F.3d at 1226 (quoting <u>Strickland</u>, 466 U.S. at 693).

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." <u>Moore v. Johnson</u>, 194 F.3d 586, 591 (5th Cir. 1999) (citing <u>Strickland</u>, 466 U.S. at 689-90). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. <u>Strickland</u>, 466 U.S. at 689; <u>Neal</u>, 286 F.3d at 236-37; <u>Clark v. Johnson</u>, 227 F.3d 273, 282-83 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1167 (2001). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was

unreasonable in the harsh light of hindsight."  <u>Bell</u>, 535 U.S. at 697 (citing <u>Strickland</u>, 466 U.S. at 689).

This court must apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 690.  Federal courts have consistently recognized that tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance.  <u>Lamb v. Johnson</u>, 179 F.3d 352, 358 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1013 (1999) (citing <u>Rector v. Johnson</u>, 120 F.3d 551, 564 (5th Cir. 1997) and <u>Mann v. Scott</u>, 41 F.3d 968, 983-84 (5th Cir. 1994)).  Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise.  <u>Strickland</u>, 466 U.S. at 689; <u>Moore</u>, 194 F.3d at 591.  The burden is on petitioner to demonstrate that counsel's strategy was unreasonable.  <u>Strickland</u>, 466 U.S. at 689.

In this case, the court need not further scrutinize counsel's failure to file a motion to quash.  Like the state courts, I too have determined that there is no merit to Bergeron's claims that his indictment was defective.  Thus, counsel was under no obligation to file a motion to quash an indictment that was not defective.  His failure to do so was neither deficient nor prejudicial.  See <u>Green v. Johnson</u>, 160 F.3d 1029, 1037 (5th Cir. 1998),

cert. denied, 525 U.S. 1174 (1999) (failure to make a frivolous objection is not deficient performance below an objective level of reasonableness).

The denial of relief on this claim was not contrary to or an unreasonable application of Strickland.  Bergeron is not entitled to relief on this claim.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Jimmy J. Bergeron for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___29th___ day of August, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

20